UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAGNUS N. OGUGUA**<br>4615 Georgia Ave, NW<br>Washington, DC 20011<br><br>    Plaintiff,<br><br>    v.<br><br>**NOT-FOR-PROFIT HOSPITAL CORP.**<br>**dba UNITED MEDICAL CENTER**<br>1310 Southern Ave, SE<br>Washington, DC 20032<br><br>    Defendant. | Civil Action No: _____ |

## COMPLAINT
(Fair Labor Standards Act/Affordable Care Act Retaliation)

### Introduction

1.  Plaintiff Magnus Ogugua brings this action pursuant to the Fair Labor Standards Act of 1938, as amended by the Patient Protection and Affordable Care Act of 2008, 29 U.S.C. § 218c *et seq.* to redress retaliation against him by Defendant Not-For-Profit Hospital Corporation, doing business as, United Medical Center.

### Jurisdiction

2.  This Court has subject matter jurisdiction over this civil action pursuant to 29 U.S.C. § 1331 et seq.

## Venue

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) as the Defendant is located, has offices, conducts business and maintains Plaintiff's employment records in the District of Columbia. In addition, the Plaintiff was employed and worked for Defendant in the District of Columbia.

## Exhaustion of Administrative Remedies

4. Plaintiff filed a timely complaint with the Secretary of Labor regarding the matters raised in this lawsuit on July 31, 2015, which was the day after his termination and fewer than 180 days of his suspension. 15 U.S.C. § 2087(b)(1). The Secretary provided that complaint to the Defendant in September 2015, who then responded, through counsel, on February 1, 2016. As more than 210 days have passed since Plaintiff filed his complaint and the Secretary has not issued a final decision, Plaintiff is entitled to bring this action. 15 U.S.C. § 2087(b)(4) (stating that employees may bring an action if "the Secretary has not issued a final decision within 210 days after the filing of the complaint").

## Parties

5. The Plaintiff is Magnus Ogugua, a citizen of the United States and a resident of the District of Columbia. Plaintiff was employed by United Medical Center until his retaliatory discharge on July 30, 2015.

6. The Defendant is "Not-for-Profit Hospital Corporation" ("NPHC") doing business as United Medical Center. NPHC is a District of Columbia government hospital serving

Southeast DC and surrounding Maryland communities. D.C. Code § 44-951 *et seq.*

### Statement of Facts

7. Magnus Ogugua is a Registered Nurse who worked as a nursing supervisor at United Medical Center from February 2011 until his termination on July 31, 2015.

8. Mr. Ogugua regularly worked a full-time schedule at United Medical Center, but did not receive healthcare benefits as a full-time employee.

9. The Patient Protection and Affordable Care Act of 2008 requires employers to offer adequate health insurance to all of its full-time employees, which the Act defines as "an employee who works at least 30 hours per week," regardless of who requested those hours. *See* 26 U.S.C.A. § 4980H ("The term 'full-time employee' means, with respect to any month, an employee who is employed on average at least 30 hours of service per week.").

10. Mr. Ogugua complained to Human Resources Manager Eric M. Johnson about this violation on June 15, 2015. About a week later, on June 23, Mr. Johnson reacted to this request by sending an email to Stephen Gbenle, Mr. Ogugua's supervisor, suggesting that he more closely scrutinize Mr. Ogugua's performance and cut his hours so as not to "put the Hospital at risk of working him on a Full-time schedule without benefits [which] would mean we would be liable for the back pay of his benefits."

11. The manager's email notes that Mr. Ogugua has "claimed that the Hospital has required that he work a full-time schedule for over a year and a half without affording him Benefits." Mr. Johnson then notes that the additional hours worked by Mr. Ogugua were at his own request – an irrelevant point at best as it would not absolve the hospital of liability for

failing to provide him with benefits– and then raises alleged concerns about Mr. Ogugua's performance: "For this reason, I ask that you speak with him about the performance concerns that you highlighted to me."

12. Mr. Johnson also suggests to Mr. Ogugua's supervisor that he put him on a "performance improvement plan" which, Mr. Johnson states, may lead to "steps to terminate our employment relationship." Mr. Johnson concludes by directing Mr. Gbenle to reduce Mr. Ogugua's hours, ostensibly to avoid further violations of the Affordable Care Act.

13. A few weeks before Mr. Johnson wrote this email referring to Mr. Gbenle's alleged concerns with Mr. Ogugua's performance, the Assistant Director of Nursing (Marcy Pineda) has presented Mr. Ogugua with a proposed performance evaluation that rated his performance as "Exceeds Requirements" in all of his Core Competencies. This proposed evaluation was not yet signed by Mr. Gbenle, his second-level supervisor and, in fact, was never completed or provided to Mr. Ogugua.

14. After receiving Mr. Johnson's e-mail, Mr. Gbenle did not cut Mr. Ogugua's hours as suggested, but he did begin to retaliate against Mr. Ogugua in reaction to a July 8, 2015 letter from Mr. Ogugua's attorney asserting his claim that the company violated the Affordable Care Act. On July 20, days after the company CEO received the letter, Mr. Gbenle yelled at Mr. Ogugua for "getting an attorney involved" and for giving the threatening email from Mr. Johnson to his attorney.

15. On July 22, Mr. Gbenle asked him to have his attorney withdraw the letter. He warned Mr. Ogugua, "You put my job in jeopardy, you need to call your lawyer to withdraw that thing or you know I will get you before you get me." On July 27, Mr. Gbenle suspended Mr.

Ogugua based on false charges and, four days later, on July 31, Mr. Gbenle followed through on his threat and terminated Mr. Ogugua from his position at United Medical Center.

## Claims

16. Defendant violated the Patient Protection and Affordable Care Act when it suspended Plaintiff on July 22, 2015 in retaliation for bringing information to his employer about its failure to provide him with healthcare benefits.

17. Defendant violated the Patient Protection and Affordable Care Act when it terminated Plaintiff's employment on July 31, 2015 in retaliation for bringing information to his employer's attention its failure to provide him with healthcare benefits.

## Damages

18. As a result of the unlawful retaliation described above, Mr. Ogugua has lost significant pay and benefits and he continues to suffer pain and mental anguish, curtailment of career opportunities, personal and professional humiliation, and emotional distress.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant on all claims brought herein and provide him with the following relief:

a. award Plaintiff $1,000,000 compensatory damages against Defendant, plus interest thereon;

b. order Defendant to reinstate Plaintiff as a Nursing Supervisor with health

insurance retroactive to July 31, 2015, with full back pay and benefits plus interest;

    c.    award Plaintiff the costs of bringing and maintaining this civil action and the investigation that preceded it, including reasonable attorneys' fees and costs;

    d.    award Plaintiff such other and further relief as the interests of justice may require; and

    e.    enjoin Defendant from retaliating against Plaintiff in the future.

### Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and measure of damages.

Respectfully submitted

*/s/ Ellen K. Renaud*

Ellen K. Renaud
D.C. Bar No. 479376
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, D.C. 20005
Tel: 202-842-0300
Fax: 202-842-1418
ekrenaud@swickandshapiro.com

Attorneys for Plaintiff