## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAGNUS N. OGUGUA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 16-cv-00529 (APM) |
| ) | |
| NOT-FOR-PROFIT HOSPITAL CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Magnus Ogugua alleges that his employer, Defendant Not-For-Profit Hospital Corporation, violated the anti-retaliation protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 218c, when it first suspended and then fired him for complaining about the lack of healthcare benefits.[1] Pl.'s Am. Compl., ECF No. 6. In response to Plaintiff's Amended Complaint, Defendant filed a Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 7 [hereinafter Def.'s Mot.]. Defendant makes two arguments why the court should dismiss this action for lack of subject matter jurisdiction: (1) Plaintiff failed to serve Defendant with timely notice of his claim, as required by D.C. Code § 44-951.14(d); and (2) Defendant has not waived its sovereign immunity

---

[1] The Patient Protection and Affordable Care Act, enacted in 2010, amended the FLSA to protect employees against various forms of employer retaliation. *See* Pub. L. No. 111-148, § 1558, 124 Stat. 119, 261 (2010) (codified at 29 U.S.C. § 218c). The anti-retaliation provision of the FLSA pertinent to this case provides:

> No employer shall discharge or in any manner discriminate against any employee with respect to his or her compensation, terms, conditions, or other privileges of employment because the employee . . . has . . . objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title (or amendment), or any order, rule, regulation, standard, or ban under this title (or amendment).

29 U.S.C. § 218c(a)(5).

from suit.  Def.'s Mot., Def.'s Mem. in Supp., ECF No. 7-2 [hereinafter Def.'s Mem.]; Def.'s Mem. in Reply, ECF No. 10 [hereinafter Def.'s Reply].

The court rejects Defendant's first contention for the reasons set forth in its recent decision, *Akinsinde v. Not-For-Profit Hospital Corp.*, No. 16-cv-00437, 2016 WL 6537931 (D.D.C. Nov. 3, 2016).  In *Akinsinde*, this court held that Section 44-951.14(d) does not operate as a conditional waiver of sovereign immunity; it is purely a notice provision.  *Id.* at *3–4.  Failure to satisfy the notice requirement—if notice of the claim is required—would compel dismissal, *see Tucci v. District of Columbia*, 956 A.2d 684, 694 (D.C. 2008), but not because the court lacks subject matter jurisdiction, *see Akinsinde*, 2016 WL 6537931, at *3–4; *contra* Def.'s Mem. at 2–5.  Here, as in *Akinsinde*, Plaintiff did not need to satisfy Section 44-951.14(d)'s notice requirement because he brings only a federal cause of action.  *See Akinsinde*, 2016 WL 6537931, at *5; *cf. Brown v. United States*, 742 F.2d 1498, 1509–10 (D.C. Cir. 1984) (en banc); *Jaiyeola v. District of Columbia*, 40 A.3d 356, 370 & n.65 (D.C. 2012).  Thus, Defendant's first contention is without merit.

Next, Defendant argues that it is immune from suit absent a waiver of its sovereign immunity, and it has not consented to be sued for violations of the FLSA.  *See* Def.'s Reply at 3 (citing and discussing *Alden v. Maine*, 527 U.S. 706, 712 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978) (per curiam)).  It is true that, "in the absence of a statutory provision providing otherwise, bodies within the District of Columbia government are not suable as separate entities." *Hinton v. Metro. Police Dep't*, 726 F. Supp. 875, 875 (D.D.C. 1989); *accord Art & Drama Therapy Inst., Inc. v. District of Columbia*, 110 F. Supp. 3d 162, 170 (D.D.C 2015) (collecting cases showing "almost uniform agreement on this point").  However, where there exists a statutory provision waiving sovereign immunity, governmental entities within the District of Columbia may

be subject to suit.  Defendant is "an instrumentality of the District government" to which this rule applies.  D.C. Code § 44-951.02; *cf. UMC Dev., LLC v. District of Columbia*, 982 F. Supp. 2d 13, 18 (D.D.C. 2013).

Here, the court concludes that Defendant waived its sovereign immunity to suit under the FLSA.  The legislative act that created Defendant provides that Defendant "ha[s] the power to . . . sue and be sued in its corporate name."  Fiscal Year 2012 Budget Support Act of 2011, 19th Council Sess. § 5117 (D.C. 2011) (codified at D.C. Code § 44-951.06).  This language establishes a presumption in favor of finding a full and complete waiver of sovereign immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475, 481 (1994) (stating that, absent a showing to the contrary, agencies "authorized to 'sue and be sued' are presumed to have fully waived immunity" (internal quotation marks omitted)); *cf. Wood ex rel. United States v. Am. Inst. of Taiwan*, 286 F.3d 526, 533 (D.C. Cir. 2002) (distinguishing *Meyer*—"[which held] that a sue-and-be-sued clause represents a 'broad waiver' of sovereign immunity" in the context of the clause appearing in the government entity's organic act—from the case before it, in which the language did not appear in the organic act); *Galvan v. Federal Prison Indus.*, 199 F.3d 461, 464–67 (D.C. Cir. 1999).  Defendant does not identify or otherwise acknowledge this statutory provision, let alone attempt to rebut the presumption in favor of finding a waiver of sovereign immunity.  *See Meyer*, 510 U.S. at 481 & n.8; *Conn v. Am. Nat'l Red Cross*, 168 F. Supp. 3d 90, 96 (D.D.C. 2016) ("In this case, as in any where a sue-and-be-sued entity seeks to avoid some aspect of liability or judicial process, it is the [entity's] burden to overcome the presumption of a complete waiver of immunity." (citation omitted)).  Thus, Defendant's second argument also fails.

In light of the foregoing, the court finds no defect in its subject matter jurisdiction over Plaintiff's federal claim.  Accordingly, the court denies Defendant's Motion to Dismiss.

Dated:  November 8, 2016

Amit P. Mehta
United States District Judge